SM

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Yolanda D. Huff                    )
_____            )      1:22-cv-00855
                                   )      Judge Jorge L. Alonso
Plaintiff(s),                      )      Magistrate Judge Jeffrey Cole
                                   )
v. Midwest Canvas Corp.            )
Christopher Thompson               )
Barry Handwerker                   )
                                   )
                                   )
Defendant(s).                      )

**FILED** JG
3/22/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**RECEIVED**

FEB 16 2022 CR

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Yolanda D. Huff of the county of Cook in the state of Illinois.

3. The defendant is Midwest Canvas Corp. Christopher Thompson, Barry Handwerker, whose street address is 4635 W. Lake Street, (city) Chicago (county) Cook (state) IL, (ZIP) 60644

(Defendant's telephone number) (312) – ___ _____

4. The plaintiff sought employment or was employed by the defendant at (street address) 4635 W. Lake Street (city) Chicago (county) Cook (state) IL (ZIP code) 60644

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.   The plaintiff [*check one box*]

   (a)   ☐   was denied employment by the defendant.

   (b)   ☐   was hired and is still employed by the defendant.

   (c)   ☑   was employed but is no longer employed by the defendant.

6.   The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 11-04-19 11 / 12-27-19 12, (day) 04 27, (year) 19 19.

7.1   (*Choose paragraph 7.1 or 7.2, do not complete both.*)

   (a)   The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

      (i)   ☑ the United States Equal Employment Opportunity Commission, on or about (month) February (day) 25 (year) 2020.

      (ii)   ☑ the Illinois Department of Human Rights, on or about (month) February (day) 25 (year) 2020.

   (b)   If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

   (a)   the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☑    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month)___11_____ (day)__16__ (year)_2021__ a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

ON NoVEMBER 4, 2019, The MAchine oPerator (DAVE) Would Not Allow me to go to the bAthroom And I uriNAted AND CAME on my monthly cycle. And wAS not Allowed to go home And chAnge cLothes. (2) on Dec 6, 2021, I wAS ASSAulted SExuaLly by Christopher thompsons, And Nothing wAS done About It.

14.    **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury.  ☐ Yes ☐ No

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)    ☐ Direct the defendant to hire the plaintiff.

(b)    ☐ Direct the defendant to re-employ the plaintiff.

(c)    ☐ Direct the defendant to promote the plaintiff.

(d)    ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)    ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)    ☐ Direct the defendant to (specify): _____

_____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.


_Yolanda Huff_
(Plaintiff's signature)

_Yolanda Huff_
(Plaintiff's name)

_1119 S. Troy St_
(Plaintiff's street address)


(City) _Chicago_ (State) _IN_ (ZIP) _60612_

(Plaintiff's telephone number) ( _312_ ) – _686_ – _7349_

Date: _2-16-22_


[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

February 25, 2020

Yolanda Huff
1119 S. Troy Street, Apt. 1
Chicago, Illinois 60612

Re: Control Number: 20W0224.12          Complainant's initials  Y. H.
    Respondent: Midwest Canvas Corp.

Dear Complainant:

The Intake Unit of the Department of Human Rights is in receipt of your communication and a discrimination charge has been prepared for you against the above-named Respondent. The following information, which you did not include on your Complainant Information Sheet (CIS), was addressed in the discrimination charge per your request as indicated below:

On your Complainant Information Sheet (CIS), you complained that Respondent "started treating [you] differently after [you] complained", and during your Intake interview, you communicated that the issue of layoff, in retaliation for reporting sexual harassment, which is included in your charge, covered this complaint.

On your CIS, you indicated that Respondent's machine operator did not allow you to go to the restroom, and during your Intake interview, you indicated that this individual was a supervisor, and that he discriminated against you due to your race (black). Therefore, the issue of unequal terms and conditions of employment, due to your race (black) was included in your discrimination charge.

Also, during your Intake interview, you indicated that you wanted to file separate retaliation charges against Respondent's owner and its counsel. However, as you did not have the full names of either individual, the separate retaliation charges were not produced.

If you believe that the included information **should not** be included in your charge or any excluded information should be included in your charge, please provide your explanation in writing immediately. If you still want to file separate retaliation charges against Respondent counsel and its owner, then please provide the full name of each individual, no later than within 300 days of the retaliation that you allege that these individuals committed against you. Make sure you include the charge number or control number indicated above in your letter. For your convenience, you may fax your letter to me at (312) 814-6251.

If you do not submit your appeal in writing within ten (10) days of receipt of this letter, the Department will assume that you agree with the information above and we will investigate the issues that are currently indicated in the charge. If you have questions related to this matter, please contact me at (312) 814-6228.

Thank you for your cooperation in this matter.

Sincerely,

Melton Hamilton
Human Rights Investigator
Intake Unit

IN9
Rev. 4/19

ILLINOIS DEPARTMENT OF
# Human Rights

## PROCEDURES FOR NON-HOUSING CHARGES

**Complainant:** **YOLANDA HUFF**          **Your Charge Number:** **2020CF1751**

Service of Charge: After the Complainant files the charge and it is given a charge number, IDHR serves the charge on the Respondent (company, union, agency, etc.). Keep a copy of your charge documents. Always refer to your charge number when calling or corresponding with IDHR.

Responsibility to Cooperate: Both Complainant and Respondent ("the parties to the charge") have a responsibility to cooperate with IDHR, and must notify us of any change in address or telephone number immediately. If we cannot reach the Complainant by telephone and do not get a response to our letters, we have to dismiss the case. The Complainant also has a responsibility to lessen the damages, including a responsibility to work.

Role of IDHR: IDHR's role is to conduct a NEUTRAL and FAIR investigation of the allegations in the charge. Although we represent the state's interest in eliminating discriminatory practices in Illinois, we do not represent either party. You must obtain your own attorney if you want someone to advocate for you or represent you but an attorney is not required.

Mediation Option: Mediation is an opportunity for the parties to the charge to meet and discuss how the issues raised in the charge can be resolved before the investigation begins. A mediator facilitates the mediation conference, and there is no cost to either party. Mediation is available for any employment or public accommodation charge, and conferences are held in IDHR's Chicago office. Request mediation by calling (312) 814-6889 or email "IDHR.Mediation@illinois.gov".

Investigation: Once the case is assigned to an investigator, the investigator contacts both parties to discuss the case in more detail, and reviews the Respondent's verified response to the charge and response to IDHR's questionnaire. The investigator will also ask both parties to consider a voluntary settlement that would resolve the matter. Both parties are required to attend a fact-finding conference, which is a meeting conducted by the investigator where the Complainant and representatives of the Respondent answer questions so the investigator can determine if there was a violation of the Human Rights Act. The investigator obtains pertinent documents from both parties and contacts relevant witnesses. Both parties should answer the investigator's questions and provide as much relevant information as possible to assist in the investigation, including helping the investigator to identify pertinent documents and locate witnesses. The Human Rights Act requires that IDHR conclude all proceedings and make a finding within 365 days of the perfected charge being filed. If necessary, the investigator will request that both parties sign an extension form to give IDHR more time to complete the investigation. If IDHR does not make a finding by the 365th day, or within any extension of that period agreed to in writing by all parties, the Complainant may file a complaint at the Human Rights Commission ("HRC") or commence a civil action in a state circuit court of appropriate venue during the 90-day period following the expiration of the time allowed for investigation.

Investigation Report: After completing the investigation, the investigator writes a report summarizing the information obtained and making a recommended finding based upon the relevant evidence. After approval, IDHR sends a copy of the report to both parties to the charge.

Appeal Rights: If IDHR dismisses the case, the Complainant has the option of either (within the time periods specified in the Act) 1) filing a Request for Review with the HRC, OR, 2) commencing a civil action in a state circuit court of appropriate venue. The Respondent may file a request for review within 30 days of a notice of default recommendation.

Public Hearing: If evidence of discrimination is found, then Complainant has the option of either (within the time period specified in the Act) 1) requesting IDHR to file a complaint on Complainant's behalf with the HRC, OR, 2) commencing a civil action in a state circuit court of appropriate venue. If Complainant requests IDHR to file a complaint with the HRC, an IDHR attorney will be assigned to help the parties resolve or "conciliate" the charge. If a settlement agreement is not reached, the Department will file a Complaint of Civil Rights Violation with the HRC on behalf of Complainant, which terminates the IDHR process. The Complainant then bears the burden of proving the case before the HRC.

Federal Court: An employment charge may be cross-filed with the EEOC (A, E, or F in the charge number). A cross-filed charge is assigned an EEOC charge number to protect the Complainant's federal rights, but IDHR will conduct the investigation on EEOC's behalf. At any time, the Complainant may request a Right to Sue notice from the EEOC and file the case in federal court. Note: Complainants have no right to proceed in federal court against state agency Respondents under the ADA or ADEA. IDHR advises consulting an attorney before withdrawing the charge to determine if this is the best course. IDHR cannot give legal advice. If the case is filed in federal court and the Complainant has not withdrawn, IDHR will stay the investigation.

**For a copy of the Human Rights Act or IDHR's Rules and Regulations, see our web site at www.illinois.gov/dhr.**

Rev. 2/12

ILLINOIS DEPARTMENT OF

# Human Rights

## PROCEDURES FOR NON-HOUSING CHARGES

**Complainant:** ___YOLANDA HUFF___     **Your Charge Number:** ___2020CN1753___

<u>Service of Charge</u>: After the Complainant files the charge and it is given a charge number, IDHR serves the charge on the Respondent (company, union, agency, etc.). Keep a copy of your charge documents. Always refer to your charge number when calling or corresponding with IDHR.

<u>Responsibility to Cooperate</u>: Both Complainant and Respondent ("the parties to the charge") have a responsibility to cooperate with IDHR, and must notify us of any change in address or telephone number immediately. If we cannot reach the Complainant by telephone and do not get a response to our letters, we have to dismiss the case. The Complainant also has a responsibility to lessen the damages, including a responsibility to work.

<u>Role of IDHR</u>: IDHR's role is to conduct a NEUTRAL and FAIR investigation of the allegations in the charge. Although we represent the state's interest in eliminating discriminatory practices in Illinois, we do not represent either party. You must obtain your own attorney if you want someone to advocate for you or represent you but an attorney is not required.

<u>Mediation Option</u>: Mediation is an opportunity for the parties to the charge to meet and discuss how the issues raised in the charge can be resolved before the investigation begins. A mediator facilitates the mediation conference, and there is no cost to either party. Mediation is available for any employment or public accommodation charge, and conferences are held in IDHR's Chicago office. Request mediation by calling (312) 814-6889 or email "IDHR.Mediation@illinois.gov".

<u>Investigation</u>: Once the case is assigned to an investigator, the investigator contacts both parties to discuss the case in more detail, and reviews the Respondent's verified response to the charge and response to IDHR's questionnaire. The investigator will also ask both parties to consider a voluntary settlement that would resolve the matter. Both parties are required to attend a fact-finding conference, which is a meeting conducted by the investigator where the Complainant and representatives of the Respondent answer questions so the investigator can determine if there was a violation of the Human Rights Act. The investigator obtains pertinent documents from both parties and contacts relevant witnesses. Both parties should answer the investigator's questions and provide as much relevant information as possible to assist in the investigation, including helping the investigator to identify pertinent documents and locate witnesses. The Human Rights Act requires that IDHR conclude all proceedings and make a finding within 365 days of the perfected charge being filed. If necessary, the investigator will request that both parties sign an extension form to give IDHR more time to complete the investigation. If IDHR does not make a finding by the 365th day, or within any extension of that period agreed to in writing by all parties, the Complainant may file a complaint at the Human Rights Commission ("HRC") or commence a civil action in a state circuit court of appropriate venue during the 90-day period following the expiration of the time allowed for investigation.

<u>Investigation Report</u>: After completing the investigation, the investigator writes a report summarizing the information obtained and making a recommended finding based upon the relevant evidence. After approval, IDHR sends a copy of the report to both parties to the charge.

<u>Appeal Rights</u>: If IDHR dismisses the case, the Complainant has the option of either (within the time periods specified in the Act) 1) filing a Request for Review with the HRC, OR, 2) commencing a civil action in a state circuit court of appropriate venue. The Respondent may file a request for review within 30 days of a notice of default recommendation.

<u>Public Hearing</u>: If evidence of discrimination is found, then Complainant has the option of either (within the time period specified in the Act) 1) requesting IDHR to file a complaint on Complainant's behalf with the HRC, OR, 2) commencing a civil action in a state circuit court of appropriate venue. If Complainant requests IDHR to file a complaint with the HRC, an IDHR attorney will be assigned to help the parties resolve or "conciliate" the charge. If a settlement agreement is not reached, the Department will file a Complaint of Civil Rights Violation with the HRC on behalf of Complainant, which terminates the IDHR process. The Complainant then bears the burden of proving the case before the HRC.

<u>Federal Court</u>: An employment charge may be cross-filed with the EEOC (A, E, or F in the charge number). A cross-filed charge is assigned an EEOC charge number to protect the Complainant's federal rights, but IDHR will conduct the investigation on EEOC's behalf. At any time, the Complainant may request a Right to Sue notice from the EEOC and file the case in federal court. Note: Complainants have no right to proceed in federal court against state agency Respondents under the ADA or ADEA. IDHR advises consulting an attorney before withdrawing the charge to determine if this is the best course. IDHR cannot give legal advice. If the case is filed in federal court and the Complainant has not withdrawn, IDHR will stay the investigation.

**For a copy of the Human Rights Act or IDHR's Rules and Regulations, see our web site at <u>www.illinois.gov/dhr.</u>**

Rev. 2/12

EEOC Form 161-B (11/16/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Yolanda Huff | From: Chicago District Office |
|---|---|
| 1119 S. Troy Street, Apt. 1 | 230 S. Dearborn |
| Chicago, IL 60612 | Suite 1866 |
| | Chicago, IL 60604 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Daniel Lim, | |
| 21B-2020-00893 | State & Local Coordinator | (312) 872-9669 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman*/jwa                                    11/16/2021

| Enclosures(s) | | |
|---|---|---|
| | Julianne Bowman, | (Date Issued) |
| | District Director | |

cc

MIDWEST CANVAS CORPORATION
c/o Fred Hayes, Esq.
Attorney
6634 Cochise Drive
LaGrange, IL 60525